12-385-cv
Moody v. NYC Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of March, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
> JOHN G. KOELTL,[*]
> > *District Judge.*

_____

Aura Moody, on behalf of J.M.,

> *Plaintiff-Appellant,*

> v.                                                12-385-cv

NYC Department of Education *et al.*,

> *Defendants-Appellees.*

_____

---

[*]The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT: Aura Moody, *pro se*, St. Albans, NY.

FOR DEFENDANTS-APPELLEES: Drake A. Colley, Assistant Corporation Counsel, Edward F.X. Hart, *of counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Aura Moody, proceeding pro se on behalf of herself and her son, J.M., appeals from the District Court's grant of summary judgment and denial of her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment de novo and focus on whether the District Court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. Gould v. Winstar Commc'ns, Inc., 692 F.3d 148, 158 (2d Cir. 2012). In determining whether there is a genuine dispute as to a material fact, we resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999). We review the District Court's denial of Moody's motion for reconsideration for abuse of discretion. RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003) (per curiam).

After reviewing the record, we conclude that the District Court properly granted summary judgment in the defendants' favor and denied Moody's motion for reconsideration for substantially the same reasons set forth in the District Court's memoranda and orders entered January 17, 2012, and February 10, 2012.

Moody argues that because J.M. would skip lunch if his food was not heated, the District Court erred in determining that heating J.M.'s food was not necessary. While heating J.M.'s food may have helped him adjust to his disability, the District Court correctly noted that Section 504 of the Rehabilitation Act of 1973 ("Section 504") and the Americans with Disabilities Act ("ADA") require that "an otherwise qualified handicapped individual . . . be provided with meaningful access to the benefit that the grantee offers." Alexander v. Choate, 469 U.S. 287, 301 (1985); see also Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003) (noting that this Court generally "treat[s] claims under [Section 504 and the ADA] identically"). They do not require "optimal" accommodations. J.D. ex rel. J.D. v. Pawlet Sch. Dist., 224 F.3d 60, 71 (2d Cir. 2000). It is undisputed that diabetics do not need to eat hot food in order to manage their diabetes successfully. Therefore, even if J.M. sometimes skipped lunch and disliked the food on the school menu, that did not warrant a further accommodation in addition to what the school had already provided. The accommodations the school had provided—lunch menu options and monitoring of J.M.'s blood glucose level—afforded J.M. meaningful access to the benefit to which he was entitled: public school lunches.

We have considered Appellant's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk